LAW OFFICES OF MITCHELL S. SEGAL P.C.
Mitchell Segal, Esq.
1010 Northern Blvd, Ste. 208
Great Neck, NY 11021
Tel.: (516) 415-0100
Fax: (516) 706-6631
*Attorneys for Plaintiff, FLSA*
*Collective Plaintiffs' and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LYLE GADDY, KIERRE WIGGINS,
KENDALE GETAW, KYLE PORTERFIELD
*on behalf of themselves, FLSA Collective Plaintiffs'*
*and the Class*,

                    Plaintiffs',

           v.

TRI-STATE AREA MOVING CORP., COACH
FURNITURE SERVICES INC., NY A TO Z
CONSTRUCTION GROUP INC., GAVRIEL
AVGI, MICHAEL AVGI, HEDVA BAKAL
and YOSEF BEN HAMO,

                    Defendants.

---

COLLECTIVE ACTION AND
CLASS COMPLAINT

      Plaintiffs' LYLE GADDY, KIERRE WIGGINS, KENDALE GETAW and KYLE PORTERFIELD ("Plaintiffs'"), on behalf of themselves and others similarly situated, by and through their undersigned attorney, hereby file this Class and Collective Action Complaint against Defendants, TRI-STATE AREA MOVING CORP., COACH FURNITURE SERVICES INC. and NY A TO Z CONSTRUCTION GROUP INC. ("Corporate Defendants"), GAVRIEL AVGI, MICHAEL AVGI, HEDVA BAKAL and YOSEF BEN HAMO (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") state as follows:

## <u>INTRODUCTION</u>

1.  Plaintiffs' allege pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.* ("the Act"), that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) liquidated damages and (4) attorneys' fees and costs.

2.  Plaintiffs' further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid spread of hour's premium, (4) statutory penalties, (5) liquidated damages and (6) attorneys' fees and costs.

3.  Plaintiffs are former and current employees of Defendants TRI-STATE AREA MOVING CORP., COACH FURNITURE SERVICES INC. and NY A TO Z CONSTRUCTION GROUP INC..

4.  Upon information and belief, Defendants GAVRIEL AVGI, MICHAEL AVGI, HEDVA BAKAL and YOSEF BEN HAMO serve or served as owners, managers, principals or agents of the Corporate Defendants, and through these corporate entities, operate or operated the moving and storage business and the furniture business.

5.  At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of forty (40) hours per week, without the proper minimum wage and overtime wages being paid to the Plaintiffs for their hours worked in violation of both federal and state laws and regulations.

6.  Defendants additionally failed to maintain accurate records for the hours that the Plaintiffs worked.

7.  Defendants further failed to pay the Plaintiffs the required "spread of hours" pay for the days that the Plaintiffs worked in excess of ten (10) hours per day.

8.  The Defendants business practice was to intentionally and willfully engage in a practice and pattern of violating the FLSA and NYLL intentionally harming and depriving the Plaintiffs of their rightful pay.

9.  The Defendants willfully failed to maintain complete and accurate payroll records including time sheets thereby disregarding the recordkeeping requirements of the FLSA and the NYLL.

10.  Defendants failed to provide the Plaintiffs with wage statements when the Plaintiffs received their pay containing the dates of work covered by that pay; name of employee; the employers name, address and phone number; hours worked including overtime hours, rates of pay and what the rate is based upon; gross wages less deductions and allowances, the net pay all of which are required by § 195 (3) of the NYLL.

11.  Defendants failed to provide the Plaintiffs when hired and thereafter by February 1 annually, a statement in English and the employees primary language a statement containing the employee's rate of pay and basis thereof, how the employee would be paid (hourly, day, week, salary, commission, piece or other; allowances against minimum wage claimed (tip, meal or lodging); the pay day designated by the employer, the employers d/b/a and the employers physical address and mailing address, if different, and telephone number which are required by § 195 (1) of the NYLL.

## JURISDICTION AND VENUE

12.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216 (b),

28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law

claims pursuant to 28 U.S.C. § 1367.

13.  Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

14.  Plaintiff LYLE GADDY is a resident of Suffolk County, New York.

15.  Plaintiff KIERRE WIGGINS is a resident of Suffolk County, New York.

16.  Plaintiff KENDALE GETAW is a resident of Suffolk County, New York.

17.  Plaintiff KYLE PORTERFIELD is a resident of Suffolk County, New York.

18.  Defendants operate full-service moving, storage and construction companies which
provide moving, storage and construction services for individuals, businesses, unions, schools for
construction, moving and/or storing contents and junk from homes, apartments, businesses,
laboratories and schools.  Additionally, the Defendants own and operate a furniture store.

19.  Corporate Defendant TRI-STATE AREA MOVING CORP. is a domestic business

corporation organized under the laws of the State of New York, with a principle place of business

and an address for service of process located at 166 Central Avenue, Farmingdale, New York

11735.

20.  Corporate Defendant COACH FURNITURE SERVICES INC. is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 1185 Sunrise Hwy., Copiague, New York 11726.

21.  Corporate Defendant NY A TO Z CONSTRUCTION GROUP INC. is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 1185 Sunrise Hwy., Copiague, New York 11726.

22.  Individual Defendant GAVRIEL AVGI was and is chief executive officer of the Corporate Defendants, is in active control and management of the Corporate Defendants, regulates the employment of persons employed by the Corporate Defendants, acts directly and indirectly in the interest of the Corporation Defendants in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

23.  Individual Defendant MICHAEL AVGI is an officer and/or manager of the Corporate Defendants, is in active control and management of the Corporate Defendants, regulates the employment of persons employed by the Corporate Defendants, acts directly and indirectly in the interest of the Corporate Defendants in relation to the employees, and is thus is an employer of the employees within the meaning of section 3(d) of the Act.

24.  Individual Defendant HEDVA BAKAL is an officer and/or manager of the Corporate Defendants, is in active control and management of the Corporate Defendants, regulates the employment of persons employed by the Corporate Defendants, acts directly and indirectly in the interest of Corporate Defendants in relation to the employees, and is thus is an employer of the employees within the meaning of section 3(d) of the Act.

25.   Individual Defendant YOSEF BEN HAMO is an officer and/or manager of the Corporate Defendants, is in active control and management of the Corporate Defendants, regulates the employment of persons employed by the Corporate Defendants, acts directly and indirectly in the interest of Corporate Defendants in relation to the employees, and is thus is an employer of the employees within the meaning of section 3(d) of the Act.

26.  Defendants are associated and joint employers, act in the interest of each other with respect to their employees and pay employees by the same methods and practices and share control over the employees.

27.  Defendants jointly employed the Plaintiffs and are the Plaintiffs' employer within the meaning of 29 U.S.C. et. seq. and the NYLL.

28.  Alternatively, Defendants constitute a single employer of the Plaintiffs within the meaning of the FLSA and the NYLL.

29.  Upon information and belief, the Individual Defendants operate the Corporate Defendants as either alter egos of themselves and/or fail to operate the Corporate Defendants as separate legal entities by:

> a.  failing to install or maintain corporate formalities necessary and required to operate and maintain the Corporate Defendants as legally separate distinct entities;
>
> b.  defectively forming the Corporate Defendants by not holding a meeting nor having the proper corporate records;
>
> c.  defectively maintaining the Corporate Defendants by not holding proper meetings nor having the proper corporate records;
>
> d.  operating the Corporate Defendants for the benefit solely of the majority shareholders;
>
> e.  transferring assets and debts freely among the Defendants;

f.  commingling assets and debts of the Individual Defendants with the Corporate Defendants;

g.  moving assets of the Corporate Defendants to protect the interests of the Individual Defendants; and

h.  actions revealing a complete failure to adhere to corporate legal standards of operation.

30.  The Defendants had and have the authority to hire and fire the Plaintiffs, set their rate of pay, establish the schedules of employees, dictate Company-wide employment policy and the conditions of the Plaintiffs employment.

31.  The Individual Defendants were and are actively involved in the day to day operations of the Corporate Defendants and directed and controlled the Plaintiffs and other similarly situated employees and were and are "employers" under the FLSA and the NYLL and are jointly and severally liable along with the Corporate Defendants.

32.  Defendants employed and/or continue to employ the Plaintiffs and the Collective Action members under the FLSA.

33.  Defendants employed and/or continue to employ the Plaintiffs, the opt-in Plaintiffs and the Class Members under the NYLL §§ 2 and 651.

34.  At all relevant times, each of the Corporate Defendants were and continues to be an "enterprise engaged in interstate commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder as they delivered their goods and services outside of New York State.

35.  At all relevant times, the work performed by the Plaintiffs', the FLSA Collective Plaintiffs' and the Class Members was directly essential to the business operated by Defendants.

36.  At all relevant times, the Corporate Defendants achieved gross revenues in excess of Five Hundred Thousand Dollars ($ 500,000.00) annually.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

37.  The Plaintiffs' bring claims of relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including all drivers, warehouse employees, moving workers, storage workers, construction workers, delivery workers and furniture workers of Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs'").

38.  At all relevant times, Plaintiffs' and the FLSA Collective Plaintiffs' are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, practices, procedures, standards, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiffs' stated herein are basically the same as those of FLSA Collective Plaintiffs'.

39.  The claims for relief are properly brought under as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective Plaintiffs' are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs' via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

40.  The Plaintiffs' bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including drivers, warehouse employees, moving workers, storage workers, construction workers, delivery workers and furniture workers employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

41.  All of said persons, including the Plaintiffs' are referred to herein as the "Class." The Class Members are ascertainable.  The number and identity of the Class Members can be determined from the Defendants' records.  The hours worked, the position held, and rates of pay for each Class Member are also determinable from the Defendants' records.  For purposes of notice and other purposes related to this action, their names, addresses, phone numbers and email addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

42.  The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the exact number of such persons is unknown, the facts on which the calculation of that number are presently within the control of Defendants, there are more than forty (40) members of the Class.

43.  The Plaintiffs' claims are typical of those claims, which could be alleged individually by a member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions.  All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay the prevailing minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, (v) failing to provide proper wage and hour notices per requirements of the New York Labor Law, (vi) failing to provide meal breaks, (vii) failing to provide uniform allowances and (viii) failing to make timely wage payments.  Defendants' corporate-wide policies and practices affected all Class Members similarly and Defendants benefited from the same type of willful, unfair and/or wrongful acts as to each Class Member.  The Plaintiffs' and other Class Members sustained similar losses, injuries and

damages arising from the Defendants' unlawful policies, practices and procedures.

44.   The Plaintiffs' are able to fairly and adequately protect the interests of the Class and have no interests in opposition to the Class.  The Plaintiffs' are represented by an attorney who is experienced and competent in both class action litigation and employment litigation and has previously represented Plaintiffs' and Defendants in wage and hour cases.

45.   A class action is superior to other methods for the fair and efficient resolution of the issues – particularly in wage and hour litigation where individual class members lack the financial resources to prosecute a lawsuit against a corporate defendant.  Class action treatment permits a large number of similarly situated persons to prosecute common claims in a single forum, efficiently, and without the duplication of expense and work that numerous individual actions would cause.  Because injuries and damages incurred by each individual Class Member are small, the expenses and burden of individual litigation would make it extremely difficult for the individual Class Members to correct wrongs done to them individually.  Efficiencies will be served by litigating this matter as a class action. The adjudication of individual litigation claims would result in excessive costs spent by the Court.  Class actions would result in a major saving of these costs.  Additionally, individual actions by individual members of the Class would create inconsistent results, establishing different standards of conduct for the Defendants.  The issues in this matter can be determined from similar class-wide evidence.  Additionally, the Court can direct methods to efficiently manage this action as a class action.

46.   Potential retaliation scares employees from asserting their rights.  Former employees are fearful of bringing claims because doing so can harm their efforts to secure employment. Class actions provide class members not named in the Complaint a degree of anonymity while they legally seek their rights thereby reducing or eliminating these risks.

47.  There are questions of law and fact common to the Class which predominate over any questions of law and fact affecting only individual class members, including but not limited to:

        a.      Whether Defendants employed the Plaintiffs' and Class Members within the meaning of the New York Labor Laws;

        b.      The policies, practices, and company-wide procedures of Defendants regarding the types of work for which Defendants did not pay the Class Members properly;

        c.      At what similar rates and methods of calculation, was and are Defendants required to pay Plaintiffs' and Class Members for their work;

        d.      Whether Defendants properly notified the Plaintiffs' and Class Members of their regular hourly rate and overtime rate;

        e.      Whether Defendants improperly paid Plaintiffs' and Class Members on a fixed salary basis, when New York Labor Law requires that all non-exempt employees be paid on an hourly basis;

        f.      Whether Defendants paid the Plaintiffs' and Class Members the correct minimum wage under the New York Labor Law;

        g.      Whether Defendants paid the Plaintiffs' and Class Members the proper overtime compensation under the New York Labor Law;

        h.      Whether Defendants provided proper notice to the Plaintiffs';

        i.      Whether Defendants provided proper wage statements to the Plaintiffs';

        j.      Whether Defendants paid the Plaintiffs' and Class Members spread of hours premium as required by the New York Labor Law;

        k.  Whether Defendants provided proper wage statements to the Plaintiffs' and

Class Members pursuant to New York Labor Law;

l.  Whether Defendants provided proper wage and hour notices to the Plaintiffs' and Class Members under New York Labor Law;

m.  Whether Defendants provided the Plaintiffs and Class Members with meal breaks as required under the New York Labor Law; and

n.  Whether Defendants provided the Plaintiffs and Class Members with any uniform allowances as required under the New York Labor Law.

## STATEMENT OF FACTS

48.  From May 2, 2016 until July 24, 2018, Plaintiff LYLE GADDY was employed by Defendants to work as mover and driver for the Defendants' for TRI-STATE AREA MOVING CORP..

49.  During his employment with Defendants, Plaintiff LYLE GADDY was also required to work, on occasion, at Coach Furniture Services Inc and NY A TO Z CONSTRUCTION GROUP INC..

50.  From the beginning of his employment with Defendants until the date hereof, Plaintiff LYLE GADDY regularly worked twelve hours (12.00) hours per day and seven (7) days per week and was only paid Ten Dollars ($ 10.00) per hour for forty (40) hours per week.

51.  From the beginning of his employment with Defendants on or about May 2, 2016 to July 24, 2018, Plaintiff, LYLE GADDY, was paid at a straight-time hourly rate basis for all hours worked up to forty (40) hours per week.  FLSA Collective Plaintiffs' and Class Members were similarly compensated at straight-time rates for all hours worked up to forty (40)

hours per week.

52. From on or about May 2, 2016 to July 24, 2018, the Plaintiff was paid $ 10.00 per hour for a forty (40) hour work week even though the Plaintiff LYLE GADDY worked in excess of forty (40) hours per week and in fact worked eighty four (84) hours per week.

53. Plaintiff LYLE GADDY was not paid the proper minimum wage in 2018 and was paid an amount per hour less than the required N.Y.S. minimum wage.

54. Additionally, Plaintiff LYLE GADDY was not paid for overtime as there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff LYLE GADDY. Since 2013, the FLSA Collective Plaintiffs' and Class Members were paid illegally on a fixed salary basis as there was no agreement that such fixed salary covered their overtime hours worked.

55. Although the Plaintiff LYLE GADDY worked in excess of ten (10) hours per day he was not paid spread of hour wages as required under the New York Labor Law.

56. Based on Plaintiff LYLE GADDY's direct observations and conversations with other employees at TRI-STATE AREA MOVING CORP., COACH FURNITURE SERVICES INC. and NY A TO Z CONSTRUCTION GROUP INC., all FLSA Collective Plaintiffs' and Class Members worked similar hours and were paid similarly.

57. Plaintiff LYLE GADDY never received any wage notices nor wage statements during his employment with the Defendants.

58. Plaintiff LYLE GADDY was required to purchase steel-toe boots, cargo pants and a sweatshirt with a hood as part of his uniform attire as directed by the Defendant. The Defendants never reimbursed him for these purchases nor provided any cleaning services to the Plaintiff for this uniform attire.

59.  Approximately ninety five percent (95%) during the time of his employment with the Defendants, the Plaintiff LYLE GADDY was not paid on a timely basis and received his pay late in violation of the New York Labor laws.

60.  Defendant did not allow Plaintiff LYLE GADDY an employee meal break during the 12 hour work day.

61.  Defendant did not maintain a clock-in and clock-out time record for Plaintiff LYLE GADDY.

62.  Pursuant to 29 U.S.C. § 216 (b) Plaintiff LYLE GADDY consented to in writing to be a party to the FLSA claims in this action.

63.  Based on Plaintiff LYLE GADDY 's direct observations and conversations with other employees at Tri-State Area Moving Corp and Coach Furniture Services Inc. including Kierre Wiggins, Kendale Getaw and Kyle Porterfield, all FLSA Collective Plaintiffs' and Class Members worked similar hours and were paid similarly.

64.  From February, 2007 until February 26, 2018, Plaintiff KIERRE WIGGINS was employed by Defendants to work as a furniture moving worker, delivery worker and construction worker for the Defendants' businesses.

65.  From the beginning of his employment with Defendants until February 26, 2018, Plaintiff KIERRE WIGGINS regularly worked twelve (12) hours per day, for six (6) days per week for a total of 72 hours per week each week.

66.  From the beginning of his employment with Defendants in February 2007 until February 26, 2018, KIERRE WIGGINS was paid at a straight-time hourly rate basis for all hours worked up to forty (40) hours per week.  FLSA Collective Plaintiffs' and Class

Members were similarly compensated at straight-time rates for all hours worked up to forty (40) hours per week.

67.  From on or about February, 2007 until February 26, 2018, the Plaintiff was paid $ 10.00 per hour for a forty (40) hour work week even though the Plaintiff KIERRE WIGGINS worked in excess of forty (40) hours per week and in fact worked seventy two (72) hours per week.

68.  Plaintiff KIERRE WIGGINS was not paid the proper minimum wage in 2018 and was paid an amount per hour less than the required N.Y.S. minimum wage.

69.  For instance, the Defendants paid the Plaintiff KIERRE WIGGINS ten dollars ($ 10.00) in 2018.

70.  Additionally, Plaintiff KIERRE WIGGINS was not paid for overtime as there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff KIERRE WIGGINS.  Since 2013, the FLSA Collective Plaintiffs' and Class Members were paid illegally on a fixed salary basis as there was no agreement that such fixed salary covered their overtime hours worked.

71.  Although the Plaintiff KIERRE WIGGINS worked in excess of ten (10) hours per day he was not paid spread of hour wages as required under the New York Labor Law.

72.  Based on Plaintiff KIERRE WIGGINS's direct observations and conversations with other employees at TRI-STATE AREA MOVING CORP., COACH FURNITURE SERVICES INC. and NY A TO Z CONSTRUCTION GROUP INC., all FLSA Collective Plaintiffs' and Class Members worked similar hours and were paid similarly.

73.  Plaintiff KIERRE WIGGINS was required to purchase steel-toe boots, cargo pants and a sweatshirt with a hood as part of his uniform attire as directed by the Defendant.  The Defendants never reimbursed him for these purchases nor provided any cleaning services to the Plaintiff for this uniform attire.

74.  Approximately ninety five percent (95%) during the time of his employment with the Defendants, the Plaintiff KIERRE WIGGINS was not paid on a timely basis and received his pay late in violation of the New York Labor laws.

75.  Defendant did not allow Plaintiff KIERRE WIGGINS an employee meal break during the 12 hour work day.

76.  Defendant did not maintain a clock-in and clock-out time record for Plaintiff KIERRE WIGGINS.

77.  Plaintiff KIERRE WIGGINS never received any wage notices nor wage statements during his employment with the Defendants.

78.  Pursuant to 29 U.S.C. § 216 (b) Plaintiff KYLE PORTERFIELD consented to in writing to be a party to the FLSA claims in this action.

79.  Based on Plaintiff KIERRE WIGGINS's direct observations and conversations with other employees at Tri-State Area Moving Corp, Coach Furniture Services Inc. and NY A TO Z CONSTRUCTION GROUP INC. including Lyle Gaddy, Kendale Getaw and Kyle Porterfield, all FLSA Collective Plaintiffs' and Class members worked similar hours and were paid similarly.

80.  From 2005 until May 23, 2018, Plaintiff KYLE PORTERFIELD was employed by Defendants to work as furniture moving and delivery worker and construction worker for the Defendants businesses.

81.  From the beginning of his employment with Defendants until the date hereof, Plaintiff  KYLE PORTERFIELD regularly work twelve hours (12.00) hours per day and seven (7) days per week.

82.  From the beginning of his employment with Defendants to May 23, 2018, Plaintiff, KYLE PORTERFIELD, was paid at a straight-time hourly rate basis for all hours worked up to forty (40) per week. FLSA Collective Plaintiffs' and Class Members were similarly compensated at straight-time rates for all hours worked up to forty (40) hours per week.

83.  From on or about April 1, 2012 to April 2016, the Plaintiff was paid $ 10.00 per hour for 40 hours even though the Plaintiff worked an eighty four (84) hour work week.  From May, 2016 until May 23, 2018, the Plaintiff was paid $ 12.00 per hour for 40 hours even though the Plaintiff KYLE PORTERFIELD worked in excess of forty (40) hours per week.

84.  Additionally, Plaintiff KYLE PORTERFIELD was not paid for overtime as there was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff KYLE PORTERFIELD.  Since 2013, the FLSA Collective Plaintiffs' and Class Members were paid illegally on a fixed salary basis as there was no agreement that such fixed salary covered their overtime hours worked.

85.  Although the Plaintiff KYLE PORTERFIELD worked in excess of ten (10) hours per day he was not paid spread of hour wages as required under the New York Labor Law.

86.  Based on Plaintiff KYLE PORTERFIELD's direct observations and conversations with other employees at TRI-STATE AREA MOVING CORP., COACH FURNITURE SERVICES INC., and A TO Z CONSTRUCTION GROUP INC. all FLSA Collective Plaintiffs' and Class Members worked similar hours and were paid similarly.

87.  Plaintiff KYLE PORTERFIELD never received any wage notices nor wage statements during his employment with the Defendants.

88.  Plaintiff KYLE PORTERFIELD was required to purchase steel-toe boots, cargo pants, a sweatshirt with a hood as part of his uniform attire as directed by the Defendant.  The Defendants never reimbursed him for these purchases nor provided any cleaning services to the Plaintiff for this uniform attire.

89.  Defendant did not allow Plaintiff KYLE PORTERFIELD an employee meal break during the 12 hour work day.

90.  Defendant did not maintain a clock-in and clock-out time record for Plaintiff KYLE PORTERFIELD.

91.  Approximately over ninety five percent (95%) during the time of his employment with the Defendants, the Plaintiff KYLE PORTERFIELD was not paid on a timely basis and received his paycheck late in violation of the New York Labor laws.

92.  Pursuant to 29 U.S.C. § 216 (b) Plaintiff KYLE PORTERFIELD consented to in writing to be a party to the FLSA claims in this action.

93.  Based on Plaintiff KYLE PORTERFIELD's direct observations and conversations with other employees at TRI-STATE AREA MOVING CORP., COACH FURNITURE SERVICES, INC. and NY A TO Z CONSTRUCTION GROUP INC., including Lyle Gaddy, Kendale Getaw and Kierre Wiggins, all FLSA Collective Plaintiffs' and Class Members worked similar hours and were paid similarly.

94.  From March 2018 to July 24, 2018, Plaintiff KENDALE GETAW was employed by Defendants to work as furniture moving worker for the Defendants businesses.

95.  From the beginning of his employment with Defendants until the date hereof, Plaintiff KENDALE GETAW regularly work twelve hours (12.00) hours per day and seven (7) days per week.

96.  From the beginning of his employment with Defendants to the present, Plaintiff, KENDALE GETAW, was paid at a straight-time hourly rate basis for all hours worked up to forty (40) per week. FLSA Collective Plaintiffs' and Class Members were similarly compensated at straight-time rates for all hours worked up to forty (40) hours per week.

97.  From on or about March, 2018 to July 24, 2018, the Plaintiff KENDALE GETAW was paid $ 10.00 per hour for 40 hours even though the Plaintiff worked an eighty four (84) hour work week.

98.  Plaintiff KENDALE GETAW was not paid the proper minimum wage in 2018 and was paid an amount per hour less than the required N.Y.S. minimum wage.

99.  For instance, the Defendants paid the Plaintiff KENDALE GETAW ten dollars ($ 10.00) in 2018.

100.  Additionally, Plaintiff KENDALE GETAW was not paid for overtime as there never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff KENDALE GETAW.  Since 2013, the FLSA Collective Plaintiffs' and Class Members were paid illegally on a fixed salary basis as there was no agreement that such fixed salary covered their overtime hours worked.

101.  Although the Plaintiff KIERRE WIGGINS worked in excess of ten (10) hours per day he was not paid spread of hour wages as required under the New York Labor Law.

102.  Based on Plaintiff KENDALE GETAW's direct observations and conversations with other employees at TRI-STATE AREA MOVING CORP., COACH FURNITURE SERVICES INC., and NY A TO Z CONSTRUCTION GROUP INC., all FLSA Collective Plaintiffs' and Class Members worked similar hours and were paid similarly.

103.  Plaintiff KENDALE GETAW never received any wage notices nor wage statements during his employment with the Defendants.

104.  Plaintiff KENDALE GETAW was required to purchase steel-toe boots, cargo pants, a sweatshirt with a hood as part of his uniform attire as directed by the Defendant.  The Defendants never reimbursed him for these purchases nor provided any cleaning services to the Plaintiff for this uniform attire.

105.  Approximately over ninety five percent (95%) during the time of his employment with the Defendants, the Plaintiff KENDALE GETAW was not paid on a timely basis and received his paycheck late in violation of the New York Labor laws.

106.  Defendant did not allow Plaintiff KENDALE GETAW an employee meal break during the 12 hour work day.

107.  Defendant did not maintain a clock-in and clock-out time record for Plaintiff KENDALE GETAW.

108.  Pursuant to 29 U.S.C. § 216 (b) Plaintiff KENDALE GETAW consented to in writing to be a party to the FLSA claims in this action.

109.  Based on Plaintiff KENDALE GETAW's direct observations and conversations with other employees at Tri-State Area Moving Corp and Coach Furniture Services Inc. including Lyle Gaddy, Kyle Porterfield, and Kierre Wiggins, all FLSA Collective Plaintiffs' and Class Members worked similar hours and were paid similarly.

110.  At times, Defendants paid Plaintiffs', FLSA Collective Plaintiffs' and Class Members at hourly rates below the prevailing minimum wage in violation of the FLSA and NYLL.

111. At all relevant times, Defendants paid Plaintiffs', the FLSA Collective Plaintiffs' and Class Members no overtime wages or improper overtime wages in willful violation of the FLSA and NYLL.

112. At all relevant times, Plaintiffs', FLSA Collective Plaintiffs' and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

113. At all times relevant, the workdays of Plaintiffs' and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiffs' and Class members the spread of hour's premium as required by NYLL.

114. At no time during the relevant time periods did Defendants provide Plaintiffs' or Class Members with proper wage and hour notices or wage statements as required by NYLL.

115. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs', FLSA Collective Plaintiffs' and Class Members either the FLSA minimum wage or the New York State minimum wage under the FLSA and NYLL.

116. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiffs', the FLSA Collective Plaintiffs' and Class Members for all hours worked in excess of forty (40) hours per week.

117. Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiffs' and Class Members are non-exempt employees who must be paid on an hourly basis.

118.  Defendants knowingly and willfully operated their business with a policy of not paying the spread of hour premium to Plaintiffs' and Class Members, in violation of the NYLL.

119.  Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs' and Class Members, in violation of the NYLL.

120.  Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs' and Class Members, in violation of the NYLL.

121.  Defendants knowingly and willfully operated their business with a policy of not providing employee meal break periods to Plaintiffs' and Class Members, in violation of the NYLL.

122.  The Plaintiffs' retained the Law Offices of Mitchell S. Segal, P.C. to represent Plaintiffs', FLSA Collective Plaintiffs' and Class Members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT-MINIMUM WAGES

123.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "122" of this Class and Collective Action Complaint as if fully set forth herein.

124.  At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs' and FLSA Collective Plaintiffs' are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

125.  At all relevant times, Defendants employed Plaintiffs' and FLSA Collective Plaintiffs' within the meaning of the FLSA.

126.  At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

127.  At all relevant times, Defendants had a policy and practice of willfully and intentionally failing to pay the statutory minimum wage to Plaintiffs' and FLSA Collective Plaintiffs' for their hours worked in violation of the Fair Labor Standards Act.

128.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs' and FLSA Collective Plaintiffs' at the statutory minimum wage rate.

129.  Due to Defendants' willful and intentional violations of the FLSA, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255.

130.  As a consequence of the willful underpayment of wages, Plaintiffs and Collective Action Plaintiffs are entitled to recover from Defendants unpaid minimum wages, liquidated damages and attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT-OVERTIME WAGES

131.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "130" of this Class and Collective Action Complaint as if fully set forth herein.

132.  At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs' and FLSA Collective Plaintiffs' for their hours worked in excess of forty (40) hours per work week.

133.  Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs' and FLSA Collective Plaintiffs' at the overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when

Defendants knew or should have known such was due.

134.  Due to Defendants' willful and intentional violations of the FLSA, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255.

135.  As a consequence of the willful and intentional nonpayment and underpayment of overtime compensation wages, Plaintiffs and Collective Action Plaintiffs are entitled to recover from Defendants overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – MINIMUM WAGES**

136.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "135" of this Class and Collective Action Complaint as if fully set forth herein.

137.  Defendants paid Plaintiffs' and the Class Members less that the required minimum hourly wage rate for each hour worked in violation of 12 N.Y.C.R.R. § 146-1.2(a)(1)(i)(a).

138.  Defendants intentional and willful failure to pay Plaintiffs' and the Rule 23 Class Members the required minimum wages for all hours worked is in violation of the New York Labor Laws Article 19, § 650 et. seq., and the New York State Department of Labor Regulations including but not limited to N.Y.C.R.R. Part 142.

139.  The Plaintiffs and Class Members are entitled to recover from Defendants any unpaid minimum wages, liquidated damages, reasonable attorney fees, costs of this litigation in addition to pre-judgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – OVERTIME WAGES**

140.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "139" of this Class and Collective Action Complaint as if fully set forth herein.

141.   Defendants were required to pay the Plaintiffs' and Class Members overtime compensation at one and one half times their hourly rate for hours worked in excess of 40 hours per week pursuant to the New York Labor laws.

142.   Defendants intentional and willful failure to pay Plaintiffs' and the Rule 23 Class Members the required overtime wages for all hours worked in excess of 40 hours per week violated the New York Labor Laws Article 19, § 650 et. seq., and the supporting New York State Labor Regulations 12 N.Y.C.R.R. Part 142.

143.  The Plaintiffs and Class Members are entitled to recover from Defendants any unpaid overtime wages, liquidated damages, reasonable attorney fees, costs of this litigation in addition to pre-judgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF
## <u>NEW YORK LABOR LAW – SPREAD OF HOUR WAGES</u>

144.  Plaintiffs' reallege and incorporates the allegations contained in Paragraphs "1" through "143" of this Class and Collective Action Complaint as if fully set forth herein.

145.  Defendants were required to pay the Plaintiffs' and Class Members the legally mandated spread of hours pay for any days they worked in excess of ten (10) hours.

146.   Defendants intentional and willful failure to pay Plaintiffs' and the Rule 23 Class Members the required spread of hours pay for the days that they worked in excess of ten (10) hours per day is in violation of the 12 N.Y.C.R.R. § 142-2.4.

147.  The Plaintiffs and Class Members are entitled to recover from Defendants any unpaid spread of hours wages, liquidated damages, reasonable attorney fees, costs of this litigation in addition to pre-judgment and post-judgment interest.

## SIXTH CLAIM FOR RELIEF
## <u>NEW YORK LABOR LAW – WAGE STATEMENTS</u>

148.  Plaintiffs' reallege and incorporates the allegations contained in Paragraphs "1" through "147" of this Class and Collective Action Complaint as if fully set forth herein.

149.  During the time period covered by this litigation, the Defendant failed to furnish the Plaintiffs and the Class Members accurate wage statements in violation of NYLL § 195 (3).

150.  The Defendants violation was intentional and willful and the Defendants are liable for a maximum amount of $ 5,000.00 to each Plaintiff and each Class Member in addition to reasonable attorney fees, costs of this action and pre-judgment and post-judgment interest.

## SEVENTH CLAIM FOR RELIEF
## <u>NYLL – FAILURE TO PROVIDE WAGE NOTICES</u>

151.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "150" of this Class and Collective Action Complaint as if fully set forth herein.

152.  The NYLL and the Wage Theft Prevention Act requires employers to provide all employees a written notice of wage rates at the time of hire in addition to when an employee's rate of pay is changed.

153.  Defendants have failed to provide the Plaintiffs and Class Members at the time of hiring or at any point thereafter, a notice, in English or the Plaintiffs and Class Members primary language which contains their rate of pay and support thereof, details about how they are paid, whether they are paid by the hour, shift, day, week, salary commission or any other way; the pay designated by the employer, the address of the employer's main office or primary and principal place of business, the employers telephone number and anything else required under NYLL § 195(1).

154.  As a result of the Defendants violations under NYLL § 195(1) The Plaintiffs and the Class Members are entitled to recover damages of $ 50.00 per work week up to a maximum of $ 2,500.00 through February 26, 2015 and thereafter up to a maximum of $ 5,000.00 pursuant to NYLL § 198 (1) (d).

## EIGHTH CLAIM FOR RELIEF
## NYLL – EQUIPMENT COSTS

155.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "154" of this Class and Collective Action Complaint as if fully set forth herein.

156.  The Plaintiffs were required to pay the costs and expenses of purchasing and maintaining tools of trade" and equipment as required by his employer in violation of both the FLSA and the NYLL § 29 U.S.C. 206 (a), 29 C.F.R. 531.35 and N.Y.L.L. §§ 193 and 198-b.

157.  As a result of the Defendants actions, the Plaintiffs and the Class Members have been damaged in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF
## NYLL – MEAL BREAK VIOLATIONS

158.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "157" of this Class and Collective Action Complaint as if fully set forth herein.

159.  § 162 of the NYLL provides meal provisions to the Plaintiffs, the Collective and Class Members.

160.  Defendants have failed to provide meal breaks to the Plaintiffs, the Collective and Class Members a thirty (30) minute meal break per day for any days that Plaintiffs worked more than six (6) hours extending between the hours of 11:00 a.m. and 2:00 p.m. as required by NYLL § 162 (2).

161.  Defendants have failed to provide meal breaks to the Plaintiffs, the Collective and Class Members another meal break of twenty (20) minutes per day for any days that Plaintiffs worked from 11:00 a.m. until 7:00 p.m. as required by NYLL § 162 (3).

162.  Defendants have failed to provide meal breaks to the Plaintiffs, the Collective and Class Members a forty five (45) minute meal break per day for any days that Plaintiffs worked more than sis (6) hours extending between the hours of 1:00 p.m. a.m. and 6:00 a.m. as required by NYLL § 162 (3).

163.  As a result of the Defendants actions, the Plaintiffs and the Class Members have been damaged in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF
## NYLL – FAILURE TO PAY WAGES ON TIME

164.  Plaintiffs' reallege and incorporate the allegations contained in Paragraphs "1" through "163" of this Class and Collective Action Complaint as if fully set forth herein.

165.  The Defendants were required to pay the Plaintiffs weekly wages for the week worked or no later than 7 days after the end of the week worked.

166.  Defendants willfully and intentionally failed to pay the Plaintiffs their wages timely.

167.   As a result of the Defendants actions, the Plaintiffs and the Class Members have been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs', on behalf of themselves, the FLSA Collective Plaintiffs' and Class Members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid minimum wage due under the FLSA;

d.   An award of unpaid overtime compensation due under the FLSA;

e.   An award of unpaid minimum wage due under the NYLL;

f.   An award of unpaid overtime compensation due under the NYLL;

g.   An award of unpaid spread of hours due under the New York Labor Law;

h.   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice requirements;

i.   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage statement requirements;

j.   An award of statutory penalties as a result of Defendants' failure to make timely payments of wages to their employees;

k.   An award for costs and penalties related to equipment cost violations;

l.   An award of statutory penalties for meal break violations under the NYLL;

m.   An award of civil penalties of One Thousand One Hundred Dollars ($ 1,100.00) for each of the Defendants willful violations of the FLSA pursuant to 29 U.S.C. § 216 (b).

n.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

o.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium,

pursuant to the NYLL;

p.    An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

q.    Designation of this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members apprising them of the pendency of this action and permitting them to file consents to be Plaintiffs in the FLSA claims in this action;

r.    Designation of the Plaintiffs' as Representative of the FLSA Collective Plaintiffs';

s.    Designation of this action as a class action pursuant to F.R.C.P. 23 on behalf of the Class Members and appointing Plaintiff's counsel to represent the Class;

t.    Designation of the Plaintiffs' as Representative of the Class;

u.    An order tolling the statute of limitations;

v.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs' demand trial by jury on all issues so triable as of right by jury.

Dated:  Great Neck, New York
December 12, 2018                    Respectfully submitted,

                    By:    */s/ Mitchell Segal*_____
                           Mitchell Segal, Esq.

                           LAW OFFICES OF MITCHELL S. SEGAL P.C.
                           Mitchell Segal, Esq.
                           1010 Northern Blvd, Ste. 208
                           Great Neck, NY 11021
                           Tel: (516) 415-0100
                           Fax: (516) 706-6631
                           *Attorneys for Plaintiff, FLSA Collective Plaintiffs'*
                           *and the Class*