UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LYLE GADDY, KIERRE WIGGINS,
KENDALE GETAW, KYLE PORTERFIELD
MICHAEL RENON, TARON SMITH,
MARCUS BIRD, and RON JOHNSON,

                  Plaintiffs,

  -against-

TRI-STATE AREA MOVING CORP.,
COACH FURNITURE SERVICES, INC., NY
A TO Z CONSTRUCTION GROUP, INC.,
GAVRIEL AVGI, MICHAEL AFGI, HEDVA
BAKAL, and YOSEF BEN HAMO,

                  Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-cv-118 (EK)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Eric R. Komitee[1] to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that the claims brought by Plaintiffs Lyle Gaddy ("Gaddy"), Kendale Getaw ("Getaw"), Kyle Porterfield ("Porterfield"), Taron Smith ("Smith"), and Marcus Bird ("Bird") be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and that such dismissal should become with prejudice if none of these Plaintiffs seeks to appear within 60 days of a final order on this issue.

---

[1] This matter was transferred from then-District Judge Joseph F. Bianco to Judge Roslynn R. Mauskopf on May 21, 2019, and from Judge Mauskopf to Judge Komitee on July 8, 2021.

## I. BACKGROUND

By way of Complaint dated January 7, 2019, Plaintiffs Gaddy, Getaw, Porterfield, and Kierre Wiggins commenced this action against Defendants Tri-State Moving Corp., Coach Furniture Services, Inc., NY A to Z Construction Group, Inc., Gavriel Avgi ("Avgi"), Michael Avgi, Hedva Bakal, and Yosef Ben Hamo (collectively, "Defendants"), alleging multiple violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law. *See* Plaintiffs' Collective Action and Class Complaint, Docket Entry ("DE") [1]. Plaintiffs' counsel submitted a letter to Judge Bianco on April 16, 2019, alleging that Avgi had interfered with his representation of Gaddy and Getaw, causing them to opt-out of the lawsuit, *see* DE [22], which Defendants expressly denied on April 22, 2019. *See* DE [24]. These issues were resolved at an April 23, 2019 conference before Judge Bianco. *See* DE [25]. On June 13, 2019, Smith, Michael Kenon, and Ron Johnson consented to become Plaintiffs in this action. *See* DE [27]. Defendants filed their Answer to the Complaint on January 28, 2020. *See* DE [31].

On March 10, 2020, this Court held an initial conference where it entered a Scheduling Order setting discovery deadlines, directed Defendants to produce certain payroll records, and directed the parties to advise the Court as to whether they desired a settlement conference. *See* DE [38]. The parties did so on August 25, 2020, *see* DE [42], but their October 20, 2020 settlement conference was unsuccessful. *See* DE [44]. On December 10, 2020, Bird and Angel Rivas consented to become Plaintiffs in this action. *See* DE [48]. The parties appeared for a tele-status conference on

February 10, 2021, *see* DE [49], and Defendants filed an Amended Answer on February 19, 2021. *See* DE [50]. On February 19, 2021, William Gene Jones III consented to become a Plaintiff in this action. *See* DE [51]. Discovery continued until its September 4, 2021 conclusion. *See* October 5, 2021 Electronic Order.

On February 23, 2022, Plaintiffs submitted a letter alleging that Avgi had tampered with Gaddy and Getaw and convinced them not to attend their depositions. *See* DE [61]. At a March 14, 2022 conference to address this letter, this Court reopened discovery for the following purposes: (i) Defendants' production of documents sought from Avgi by Plaintiffs, *see* DE [55]; and (ii) the scheduling of Defendants' depositions of Gaddy, Getaw, Porterfield, Smith, Bird, and Jones. *See* DE [62]. This Court warned that a failure of any Plaintiff to appear for a deposition on an assigned, or otherwise agreed-upon date, "may result in a sanction of that [P]laintiff being denied the opportunity to pursue his claims[,]" and set a May 26, 2022 status conference. *See id.*

On April 5, 2022, Plaintiffs submitted a letter advising the Court that Defendants had not produced the documents as directed at the March 14, 2022 conference. *See* DE [63]. At an April 27, 2022 conference, and in response to Defendants' representations that they had produced all relevant documents, this Court: (i) directed Avgi to appear for a second deposition, the focus of which would be the "documents not produced and contact with Plaintiffs identified on the record[,]"; and (ii) set an in-person hearing regarding Plaintiffs' Gaddy, Getaw, Porterfield, Bird, and Smith "failure to appear [for depositions] and/or unwillingness

3

to proceed" in prosecuting this action, and ordered those Plaintiffs to appear at the conference. *See* DE [65]. The Court explicitly advised those Plaintiffs that failure to appear may result in sanctions against them and directed Plaintiffs' counsel to serve a copy of that Order on them. *See id.* Notwithstanding the Court's clear instructions and warnings, Gaddy, Getaw, Porterfield, Bird, and Smith all failed to appear at the June 27, 2022 in-person hearing. *See* DE [67].

## II.   LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); s*ee LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b)…gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, No. 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 Fed. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule

41(b), "no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter…robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

### III. DISCUSSION

Applying the standards described above, the Court respectfully recommends dismissal of the claims brought by Gaddy, Getaw, Porterfield, Smith, and Bird pursuant to Rule 41(b) for their failure to prosecute. As detailed above, these Plaintiffs failed to appear for Court-ordered depositions and defied the Court's explicit directions to appear in-person for the June 27, 2022 hearing regarding their prior failures to sit for depositions and apparent unwillingness to proceed as Plaintiffs in this matter. Under these circumstances, it appears that Gaddy, Getaw, Porterfield, Smith, and Bird are no longer interested in pursuing their claims, or participating in this action any further. Accordingly, in consideration of the above factors, the Court respectfully recommends that the claims brought by Gaddy, Getaw, Porterfield, Smith, and Bird be dismissed without prejudice pursuant to Rule 41(b).

If none of these Plaintiffs seeks to appear within 60 days of the final order on this issue, this dismissal should be with prejudice.

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that the claims brought by Gaddy, Getaw, Porterfield, Smith, and Bird be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and that such dismissal become with prejudice if they do not seek to appear within 60 days of a final order on this issue.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Plaintiffs' counsel is directed to serve a copy on all Plaintiffs within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       July 1, 2022

s/ Steven I. Locke<br>
STEVEN I. LOCKE<br>
United States Magistrate Judge